McBRIDE, Judge.
This is a suit brought by plaintiff against defendant to recover the sum of $360 for labor and materials furnished under a written contract. The contract, which is in evidence, provides for the installation of Owens-Corning Fiberglas Insulation to a depth of four inches in the attic and six feet on the front wall of defendant’s house at 4219-21 Dumaine Street in the City of New Orleans.
The answer denies the allegation that petitioner fulfilled its contract and completed the same in accordance with the agreement. The defendant further sets up the special defense that he was induced to enter into the contract through fraud and misrepresentations on the part of plaintiff. Defendant then reconvened for certain damages, but the demand is abandoned and need not be mentioned further.
*568 Defendant has appealed from the judgment rendered below in favor of plaintiff for the amount prayed for.
At the outset of his argument, counsel for defendant insisted that plaintiff had not proven his case by a preponderance of the evidence, the contention being that it had not been shown that there had been such installation in the attic of defendant’s house as is provided in the contract. We do not think that defendant’s position is meritorious for the simple reason that the uncontradicted testimony of Braswell, plaintiff's manager of installation, is that he personally knew that the work called for by the contract had been done in accordance with the agreement. Defendant admitted that plaintiff’s workmen came to his premises. Braswell did say that he “went no further than the living room” but this statement refers to the time when he called on defendant for the purpose of excuting the contract and making measurements. Braswell was not alluding to conditions in the attic, and we are satisfied that the Fiberglas was installed and in the manner contracted by plaintiff. Defendant lived in the house for two years after the installation but did not even concern himself with having the attic inspected.
Now, as to the alleged misrepresentations and breach of warranty. Defendant, who is an old gentleman 76 years of age, testified by deposition that the plaintiffs representative stated that the insulation would cool the house by at least 15°, and he signed the contract relying on that statement which proved to be fraudulent. The truth of the matter is that defendant heard the radio advertisements of the (National Roofing & Siding Company which manufactures the Fiberglas and also read the advertisements which that concern ran in a local newspaper. We do not believe that anyone ever stated to Mr. Bollwinkle that the installation of the Fiberglas in his attic would have the effect of reducing the temperature to any particular extent. All that Mr. Bollwinkle heard and read was the statement “up to IS degrees cooler.” These are the very words used in the newspaper advertisements and in brochures and printed pamphlets distributed by the manufacturer.
Even if we assume (but without deciding) that “up to 15 degrees” constituted a warranty and was not mere puffing, still defendant, who bore the burden of proving his special defense that there had been a breach of warranty, failed to make the required proof. He stated that as a sufferer from high blood pressure, he was peculiarly sensitive to heat and the premises on summer days continued to be hot after the insulation, and while he mentioned he had a thermometer and called up the weather bureau on occasions, for what reason we do not know, he never did state that there had not been a reduction in the temperature as compared with before and after the performance of the work.
Neither could McConaughey, defendant’s tenant, who occupies the upper and lower floors of 4221 Dumaine Street, say that the Fiberglas failed to reduce the temperature. He frankly admitted he leaves the house at 7:30 in the morning and returns in the evening so he could say nothing regarding the temperature during the hot part of the day. When asked: “Did you notice any difference whatsoever in the temperature of the house before and after the insulation?” he answered: “Actually, I cannot say that I did, because I was not there during the day.”
It was testified to by plaintiff’s representative that Fiberglas insulation had been installed in some 1800 local jobs, 95 per cent of the premises being without air-conditioning, and that the complaint made by the defendant was the only one his employer received.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.